UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELA MURPHY                                              CIVIL ACTION

VERSUS                                                     NO. 2:22-CV-5495

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Angela Murphy respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001, et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Angela Murphy**, of lawful age and a resident of Lake Charles, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, General Health System and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. **Defendant, Life Insurance Company of North America ("LINA")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is domiciled in Pennsylvania, and incorporated in the state of Pennsylvania.

5. LINA issued a group policy insuring the employees of Baton Rouge General Health System. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis. Plaintiff also lacks the functional capacity to perform the duties of alternative occupations.

8. Plaintiff is disabled under the terms of the disability policy issued by LINA.

9. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

10. LINA wrongfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, but LINA upheld its previous decision.

12. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

13. Plaintiff has exhausted her administrative remedies and now files this suit to reverse LINA's denial of benefits.

14. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

15. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

16. Defendant's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3.	For costs of suit; and

4.	For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
201 St. Charles Avenue, Suite 3206
New Orleans, Louisiana 70170
Phone:(504) 582-1286
Fax: (313) 692-5927
Email: reagan@toledanolaw.com
